IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONYEBUCHIM ONYEANUSI,<br><br>                 *Plaintiff*,<br><br>   v.<br><br>KATS, JAMISON & ASSOCIATES,<br><br>                 *Defendant*. | CIVIL ACTION<br>NO. 19-01875 |

**PAPPERT, J.**                                                                                    November 27, 2019

**<u>MEMORANDUM</u>**

Onyebuchim Onyeanusi, proceeding *pro se*, sued the law firm Kats, Jamison & Associates. After the law firm moved to dismiss the complaint, five weeks passed with no response from Onyeanusi. The Court then twice ordered him to respond by set dates and warned that a failure to respond may result in dismissal of his case for failure to prosecute. Because Onyeanusi still has not responded and after considering the factors from *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court dismisses the case for failure to prosecute.

I

Onyeanusi filed his complaint and application for leave to proceed *in forma pauperis* in April of 2019. *See* (Mot. to Proceed in Forma Pauperis, ECF No. 1); (Compl., ECF No. 2). The Court eventually granted the application in June. *See* (Order Granting Appl.. ECF No. 7). The law firm moved to dismiss Onyeanusi's complaint in August. *See* (Mot. to Dismiss, ECF No. 9). After Onyeanusi failed to respond to the motion, the Court ordered him to respond by October 23 and warned that if he did not

1

do so, the Court may dismiss his case for failure to prosecute. *See* (First Order to Respond, ECF No. 10). Two weeks after that deadline came and went, the Court again warned Onyeanusi that if he did not respond to the law firm's motion (this time by November 20) the Court may dismiss the case. *See* (Second Order to Respond, ECF No. 11). Onyeanusi has now failed to comply with three deadlines and two orders.

II

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. District courts also have inherent power to dismiss a case *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962).

Before dismissing a case for failure to prosecute or to comply with a court order, a court must consider six factors: "(1) the extent of the party's personal responsibility" for the conduct justifying dismissal; "(2) the prejudice to the adversary caused by the [conduct at issue]"; (3) the party's "history of dilatoriness"; (4) whether the conduct "was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868).

No one factor is dispositive; nor is there a "magic formula" or "mechanical calculation" when analyzing these factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). That said, "[t]he record must support the District Court's findings." *Hildebrand*, 923 F.3d at 132. The court must also remember that "dismissals with prejudice or defaults are drastic sanctions" and "must be a sanction of last, not first, resort." *Id.* (quoting *Poulis*, 747 F.2d at 867, 869).

## III

Dismissal is warranted here. As a *pro se* litigant, Onyeanusi is personally responsible for his failure to respond to the law firm's motion and comply with the Court's orders. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). The law firm's motion and both orders were successfully delivered to Onyeanusi's physical and email addresses. And as Onyeanusi is not incarcerated, difficulties associated with prison life cannot explain his noncompliance with the Court's orders. *Cf. Briscoe*, 538 F.3d at 259. The first factor thus favors dismissal.

The second factor—prejudice to the law firm—also favors dismissal. Although Onyeanusi's complaint is difficult to understand, it appears the law firm was representing him in a suit in Pennsylvania state court. *See* (Compl. 4). And according to Onyeanusi, the firm was paying insufficient attention to his case. *See* (*id.*) To remedy this problem, Onyeanusi wants the Court "to keep an eye on [his state-court] case" and "to put a lien on" the law firm's assets. (*Id.*) To the extent that his claim here has any merit whatsoever, any delay in the federal proceedings carries added prejudice to the law firm because developments in the state-court case may be binding on the parties in federal court.

The third and fourth factors counsel for dismissal. Though only three months have passed since the law firm moved to dismiss, Onyeanusi has missed three deadlines and ignored two Court orders. This budding history of delay, combined with Onyeanusi's request for the Court to "keep an eye on" his state-court case, suggests that Onyeanusi has no intention of prosecuting this case. That Onyeanusi has disregarded two Court orders reinforces this finding and hints at bad faith.

The final two factors point in the same direction. Onyeanusi's financial situation negates the effectiveness of monetary remedies, *see Emerson*, 296 F.3d at 191, and evidentiary sanctions would be meaningless at this stage in the litigation. Onyeanusi's claims lack merit. On the form complaint, Onyeanusi checked the box for a "Jones Act-Personal Injury" claim. (Compl. 1.) But he offered no facts at all relevant to such a claim. Instead, Onyeanusi seems to allege that the law firm was negligent in representing him. *See* (*id.* at 4). Yet, the complaint lacks any facts to support a malpractice claim. Indeed, the remedy Onyeanusi apparently wants is for the Court to oversee his state-court case—a remedy the Court is powerless to provide.

In sum, each factor weighs in favor of dismissal. The Court therefore dismisses the case with prejudice for failure to prosecute.

An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.